FILED
97 APR -2 PM 3:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 3 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RELIANCE NATIONAL INDEMNITY }
COMPANY,                    }
                            }
    Plaintiff and Counter-  }    CIVIL ACTION NO.
    claim Defendant,        }
                            }    CV 96-AR-3052-S
    vs.                     }
                            }
HICKS DEVELOPMENT, INC., et }
al.,                        }
                            }
    Defendants and Counter- }
claimants.                  }

## MEMORANDUM OPINION

The court has before it the motion of plaintiff/counter-claim defendant, Reliance National Indemnity Company ("Reliance"), for summary judgment with respect to defendants/counterclaimants' claim. Counterclaimants allege that Reliance committed the following Alabama state law torts: negligence and wantonness, bad faith, wrongful and intentional interference with business and contractual relations, breach of a fiduciary duty, breach of an indemnity contract and defamation. Because no genuine issues of material fact exist, this court determines that summary disposition under Rule 56 is appropriate.

### I. Undisputed Facts

Hicks Development, Inc. ("HDI"), is a minority contractor

incorporated in 1990 by Robert and Kazue Hicks (collectively "Hicks"). Reliance, as surety, issued performance and payment bonds for HDI on various governmental projects. Cobbs, Allen and Hall Insurance ("CAH") acted as local agent for Reliance on the projects.

On or about June 21, 1996, C. W. Smith Decorating ("Smith"), a subcontractor on three HDI projects, complained to CAH that HDI refused to pay it on two projects. Thereafter, on or about July 10, 1996, Smith complained that HDI and the Army Corps of Engineers were conspiring to avoid paying Smith on a third project. On or about July 19, 1996, a subcontractor to Smith asserted a claim under Reliance's bond for non-payment. On or about August 27, 1997, Reliance learned that a check sent by HDI to a subcontractor was returned for insufficient funds.

HDI disputes the claims of Smith by asserting that Smith's claims involved change orders which had not yet been approved by the government's contracting officers. In addition, HDI cites computer problems which delayed the payment by the government. HDI asserts the insufficient funds problem resulted from Farmer's National Bank of Opelika's misapplication of funds, not from a lack of funds.

On or about September 19, 1996, HDI closed it doors.[1] Thereafter, on or about September 27, 1996, Reliance requested in writing that the government's contracting officers send all contract monies to Reliance rather than HDI. HDI received a default termination letter on October 29, 1996.

## II. Summary Judgment Standard

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). The obvious was stated by the Eleventh Circuit as follows: "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994).

## III. Legal Analysis

As an initial consideration, counterclaimants concede that Count II of their counterclaim for bad faith and Count IV for breach of fiduciary duty are not meritorious.[2] Accordingly,

---

[1] HDI argues that it went out of business because of Reliance's refusal to issue any more bonds and because of Reliance's revocation of previously issued bonds. HDI offers no evidence to support this theory.

[2] Counterclaimants assert that Count III is due to be dismissed. However, because they address Count IV in the text of their concession, this court discerns that they intended to concede Count IV and not Count III. (See

3

Reliance's motion for summary judgment as to Count II and IV of the counterclaim is due to be granted. The court turns now to address the remaining claims in the counterclaim.

### A. Negligence/Wantonness

HDI and Hicks assert that "Reliance owed a duty to HDI as HDI's surety to protect the company's interest in completing its projects on time and within budget" and that Reliance breached that duty by threatening HDI and its principals on their indemnity agreement. (Counterclaim at ¶ 18). The question of whether a duty exits is a legal question for the court. *See Guin v. American Integrity Ins. Co.*, 568 So. 2d 760, 764 (Ala. 1990).

It is clear to this court that a surety's assertion of its rights under its indemnity agreement does not create or breach a duty sounding in tort merely because economic pressure may result. *See Geofreeze Corp. v. C. Hannah Const. Co.*, 588 F. Supp. 1341, 1344 (E.D. Pa. 1984). In addition, Reliance owes no duty outside of the confines of its agreement with HDI to help HDI "extricate itself from its financial difficulties." *Cahaba Seafood v. Central Bank*, 567 So. 2d 1304, 1306 (Ala. 1990).

In the instant action, the Continuing Agreement of Indemnity between Reliance and HDI provided:

---

Counterclaimants' brief in response to motion for summary judgment at 8).

4

> The Surety [Reliance] shall have the <u>exclusive right</u> for itself and for the Undersigned [HDI] to decide and determine any claim . . . upon said Bond or Bonds shall, on the basis of liability, expediency or otherwise, be paid, settled, defended or appealed, and its determination shall be final, conclusive and binding upon the Undersigned.

(Reliance's Memorandum in Support of Motion for summary judgment at Tab 1-A)(emphasis added). Upon receiving claims from HDI's subcontractor on the bonds and learning that HDI had a check returned for insufficient funds, Reliance sought to have those claims paid. Further, subsequent to HDI ceasing operation Reliance sent a formal request to the government's contracting officers requesting that they make payments directly to Reliance.

While Reliance's action admittedly exerted economic pressure on HDI, it did so in accordance with the pertinent contractual provisions. Accordingly, this court determines that because Reliance owed no duty to HDI outside of the confines of its agreement, Reliance's motion for summary judgment as to the negligence and wantonness claim is due to be granted.[3]

### B. Breach of Contract/Interference with Contract

HDI and Hicks argue that Reliance's request, that the government's contracting officer not release any further payments

---

[3] Reliance mistakenly asserted in its reply brief that HDI and Hicks conceded their negligence and wantonness claims. Even though HDI and Hicks stated that the claims for negligence and wantonness "<u>may be due for dismissal</u>," they did not concede those claims. (Counterclaim plaintiffs' memorandum of law in opposition to motion for summary judgment at 7)(emphasis added).

5

to HDI, effectively breached the indemnity agreement and interfered with the contract HDI had with the government, because HDI was not in default when Reliance made said requests. HDI is attempting to create a genuine issue of fact surrounding the date of default. However, as pointed out by Reliance in its Reply Brief, HDI and Hicks provide absolutely no evidence to support any of the assertions proffered in their pleadings or response brief.[4] Reliance brings the court's attention to numerous factual allegations by HDI and Hicks which are either inaccurate, unsupported by record evidence or both.

The movant's initial burden is to "show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The exact weight of this burden depends on whether the movant bears the burden of proof at trial. In *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437-38 (11th Cir. 1991) (*en banc*), the Eleventh Circuit distinguished these two discrete situations:

> When the *nonmoving* party has the burden of proof at trial, the moving party is not required to "support its motion with affidavits or other

---

[4] Reliance asserts on page one (1) and two (2) and in footnote one (1) of its Reply Brief that "HDI's discussion of alleged 'facts' is, . . . , more properly viewed as argument" because HDI and Hicks provide no evidence to support their allegations. Reliance's Reply Brief was received by this court March 26, 1997. Neither HDI nor Hicks have filed any evidence in this case.

6

> similar material *negating* the opponent's claim," *Celotex*, 477 U.S. at 323, in order to discharge this "initial responsibility." Instead, the moving party simply may "`show[]'--that is, point[] out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id*. at 324, 106 S. Ct. at 2554. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial. *Id*. at 331, 106 S. Ct. at 2557 (Brennan, J., dissenting).
>
> * * *
>
> When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it "must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial." *Id*. at 331, 106 S. Ct. at 2557 (Brennan, J., dissenting); *see also Chanel, Inc.*, 931 F.2d at 1477. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. *See id*. at 1477.

(footnote omitted). In the instant case, the motion was filed by the party not bearing the burden of proof at trial.

Once the movant meets its burden, "the burden shift[s] to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608. In order to determine "which facts are material," the court "examines the substantive law involved." *Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir. 1995). To ascertan whether the non-movant met its burden, the court resolves all doubt against the moving party. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1987).

The inference in favor of the non-movant is not, however, unqualified. An issue of material fact is "genuine" only if "a reasonable trier of fact, considering the record evidence, could

find for the non-moving party." *Lee v. Etowah County Bd. of Educ.*, 963 F.2d 1416, 1425 (11th Cir. 1992). "'Mere general allegations which do not reveal detailed and precise facts' will not prevent the award of summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 592 (11th Cir.), *cert. denied*, 116 S. Ct. 74 (1995). Moreover, evidence that is merely colorable, *see Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988), conclusory, *see Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989), or conjectural, does not create a genuine issue of material fact.

In this case, HDI and Hicks allege nakedly in their response brief that HDI was not in default when Reliance requested that the government's contracting officers cease payment to HDI. Reliance has met its burden, through affidavits and other documentary evidence, of showing that on September 27, 1996, when Reliance made a written request that the government not make any payments directly to HDI, HDI had already ceased operations. A surety can act to protect its interests when the principal has defaulted. *See First Ala. Bank v. Hartford Acc. & I. Co.*, 430 F. Supp. 907, 912 (N.D. Ala. 1977). For example, a default clearly occurs when the principal is insolvent or unable to proceed with work. *See Fischer Construction Co. v. Fireman's Fund Ins. Co.*, 420 F.2d 271, 276 (10th Cir. 1969). Because "no formal

declaration of default is required" and because default is to be "determined by the facts of each case," it is clear to this court that HDI was in default, at the very least, on September 19, 1996, when it ceased operations. *First Ala. Bank*, 430 F. Supp. at 912. Accordingly, Reliance acted appropriately to protect its interests. Because Reliance has met its burden, HDI and Hicks must "go beyond the pleadings and by affidavits, or by the 'depositions, answers to interrogatories and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553. HDI and Hicks have failed to do so. Because there is nothing but assertions in the pleadings and briefs that Reliance has done wrong, Reliance's motion for summary judgment as to the breach of contract and intentional interference with contract claims is due to be granted.

Exactly what the difference is between a breach of contract and a wrongful interference with that contract by a contracting party remains a mystery.

### C. Defamation

This court turns now to Count IV in the counterclaim for defamation, wherein HDI and Hicks assert that Joe Ellis ("Ellis"), an agent of Reliance, made defamatory remarks about HDI and Hicks. In order to establish a prima facie case of

9

defamation, HDI and Hicks must prove the following:

> 1) a false and defamatory statement concerning [HDI and Hicks]; 2) an unprivileged communication of that statement to a third party; 3) fault amounting to at least negligence; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication of the statement.

*Ledbetter v. United Ins. Co. of America*, 837 F. Supp. 381, 387 (M.D. Ala. 1993), *aff'd*, 59 F.3d 1247 (11th Cir. 1995)(citations omitted). An action for defamation lies only if the communication is made to a third party. *Id*. Reliance provides the deposition testimony of Ellis, wherein he states that he did not communicate any defamatory remarks to third parties. In response to this, HDI and Hicks allege, by way of conclusion, that he did. Once again, however, they fail to submit any evidence to support their argument. Accordingly, because HDI and Hicks have failed to demonstrate a prima facie case of defamation, Reliance's motion for summary judgment as to Count VI for defamation is due to be granted.

### IV. Conclusion

The evidence and arguments submitted by the parties do not establish that any genuine issue of material fact exists with regard to any of the counterclaim plaintiffs' claims. Because no genuine issue of material fact exists and also because this court determines that Reliance is entitled to judgment as a matter of

law, Reliance's Rule 56 motion is due to be granted.  A separate and appropriate order will be so entered.

DONE this 2nd day of April, 1997.

*/s/ William M. Acker*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT